UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
CR-09-241-001 (ADM)

| | |
|---|---|
| UNITED STATES OF AMERICA,   )<br>                                                      )<br>                        Plaintiff,        )<br>                                                      )<br>v.                                                   )<br>                                                      )<br>ERIC WAYNE MOEN,                  )<br>                                                      )<br>                        Defendant.     ) | **POSITION OF DEFENDANT MOEN WITH RESPECT TO SENTENCING FACTORS** |

**PROCEDURAL POSTURE**

The Defendant is contemporaneously filing a motion for a downward departure and a motion for a variance, and anticipates filing a Sentencing Memorandum to discuss the grounds for those motions. Defendant Moen does not request an evidentiary hearing.

Defendant Moen pled guilty to Count 1 of the Indictment, Conspiracy to Commit Wire Fraud. Defendant stipulated that between August 1, 2005 and November 28, 2005, he conspired with Kevin Winkelmann in a scheme to defraud GreenPoint Mortgage out of money, namely funds for Winkelmann to purchase a home. The scheme to defraud was by false representations on a mortgage application wherein Winkelmann stated he was employed with verifiable income when in fact he was not. Moen suggested to Winkelmann that Moen's friend, Jason Theis, would vouch for Winkelmann's fictitious income. The loan was approved and funded.

The Plea Agreement provided: "The defendant reserves the right to make a motion for departures from the applicable guidelines range. The defendant reserves the right to argue for a sentence outside the applicable guideline (Plea agreement at 5).

Defendant identified three areas of controversy in the Pre Sentence Report. Defendant asserts he did not abuse a position of trust or use special skill in the commission of this offense, and that no upward adjustment is warranted under 3B1.3. Defendant is no longer asserting that he played less than an average role in this offense, and is also agreeing that he was on probation during the commission of this offense and waives those objections to the PSR.

## FACTS

The facts show Defendant was a licensed real estate agent in the State of Minnesota. Defendant was acquainted with a marijuana grower named Kevin Winkelmann. Acting as a real estate agent, Moen showed Winkelmann a home that was for sale in Shoreview Minnesota. Moen knew Winkelmann did not have a legitimate source of income, but advised Winkelmann he that he knew of someone, who Winkelmann also knew, who would vouch for Winkelmann's employment. On September 25, 2005, Winkelmann, acting as purchaser, and defendant, acting as his real estate agent, signed a purchase agreement to buy the house. A loan was secured through GreenPoint Mortgage. GreenPoint funded the purchase of the house in part based on the employment information provided by Winkelmann. Moen earned a commission on the sale.

**ARGUMENT**

I. **DEFENDANT DID NOT ABUSE A POSITION OF TRUST OR USE A SPECIAL SKILL IN THE COMMISSION OF THIS OFFENSE.**

United States Sentencing Guidelines § 3B1.3 allows for a two-level increase if defendant Moen abused a position of trust or used a special skill in the commission of this offense. The PSR recommends the application of this adjustment, stating that "the defendant was trusted to uphold a responsibility as the real estate agent, which the mortgage company relied upon and trusted when approving the loan."

A position of public or private trust is characterized by professional or managerial discretion, and the abuse of trust enhancement applies where the offender has abused discretionary authority entrusted to the defendant by the victim. U.S. v Erhart, 415 F.3d 965, 972, (8th Cir.2005) cert. denied 564 U.S. 1156, 123 S.Ct. 1181 (2006).

Here, Defendant acted as a real estate agent with respect to Kevin Winkelmann. He had no fiduciary duty, nor was he in a position of trust as to GreenPoint. While Moen clearly knew that Winkelmann was falsifying his employment and income information, Moen did not use any position of trust that he had with the mortgage company to secure the loan for Winkelmann. There was no relationship between Moen and the lender to abuse in this case. As Winkelmann's agent, Moen had a duty and was in a position of trust to him, not to the mortgage company. Further, it was Winkelmann, not Moen, who submitted the falsified mortgage application. There simply did not exist a trust relationship between Moen and the company for Moen to abuse, and thus this enhancement is inapplicable.

Similarly, Moen used no special skill to commit this crime. The Government's theory of this case, and the facts admitted to by Moen, demonstrate that Moen's involvement was to facilitate the meeting between Winkelmann and the fictitious employer and to act as Winkelmann's representative in the transaction. Moen did not use any special skill to facilitate the loan being approved. Winkelmann knew that he would need to provide a source of the money to purchase the home, and a source to make the ongoing payment obligations, and Moen did not use any special skill by suggesting that Winkelmann contact the provider of fictitious income information.

## II.   A DOWNWARD DEPARTURE IS JUSTIFIED PURSUANT TO §4A1.3

While defendant is no longer disputing the guidelines calculations as they relate to criminal history contained in the PSR, U.S.S.G. §4A1.3 provides that "if reliable information indicates that defendant's criminal history category substantially over-represents the seriousness of the defendant's history or the likelihood that the defendant will commit other crimes, a downward departure may be warranted."

In this case, defendant receives one point for a misdemeanor DWI conviction he received in Hennepin County from November 21, 2005. He receives an additional **two** points for being placed on probation for that same offense, even though Moen's introduction of Winkelmann to the fictitious employer and signing of the purchase agreement occurred before he was placed on probation.

Essentially, the guidelines calculations place Mr. Moen in a criminal history category of II based on a traffic offense and the subsequent probationary sentence he

received. He was placed on probation for this offense on November 21, 2005, one week before this sale was completed, and two months after Moen facilitated the fictitious employment verification and signed the purchase agreement.

Criminal history category II seriously over represents Mr. Moen's criminal history, which consists solely of traffic offenses, and places him in a category generally reserved for individuals with more significant criminal histories than Mr. Moen. Accordingly, defendant respectfully requests a downward departure from the applicable criminal history category, and requests he be sentenced in Category I rather than II.

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests this Court not impose a two-point enhancement for position of trust/special skill, and grant defendant's motion for departure as it relates to criminal history score.

Respectfully submitted,

Birrell & Newmark, Ltd.

Dated: December 21, 2009

By: <u>s/ Eric L Newmark</u>
Eric L. Newmark
Attorney ID #259792
333 South Seventh Street, Suite 3020
Minneapolis, MN 55402
Telephone: (612) 871-7000