UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
CRIMINAL NO. 09-CR-241-001(ADM)

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | **DEFENDANT'S** |
| | ) | **SENTENTCING** |
| v. | ) | **MEMORANDUM** |
| | ) | |
| Eric Wayne Moen, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

In his previously filed Position with respect to sentencing factors, Defendant requested he be sentenced with a Criminal History Category of I. The PSR calculation give Defendant one criminal history point for a misdemeanor conviction for a Driving While Under the Influence charge from 2005 and an additional two points for being on probation for this misdemeanor offense. The jump from Category I to II based simply on a DUI offense over-represents Defendant's true criminal history.

The basis of this request was that Criminal History Category II seriously overrepresented Defendant's criminal history because it was based entirely on a misdemeanor DUI offense. If the Court grants the motion, the guidelines range would be 27-33 months if the total offense level is 18, and 24-30 if the total offense level is 16. Defendant previously addressed these two issues (Position of Trust of Use of Special Skill) in his Position with Respect to Sentencing Factors. The offense level turns on the resolution of the Point of Trust adjustment.

18 U.S.S.C. 3553(a) requires the Court impose a sentence that is "…sufficient, but not greater than necessary" to comply with the following factors: The nature and circumstances of

the offense and the characteristics of the defendant, the need to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence, to protect the public from further wrongdoing, the need to provide the defendant with educational or vocational training, medical care and other corrective treatment in the most effective manner, the need to avoid sentencing disparity among similarly situated defendants, and the need to provide restitution.

Defendant respectfully submits that in light of these factors, a sentence of probation is sufficient to comply with the mandates of 18 U.S.S.C. 3552(a).

The offense conduct in this case consisted of Mr. Moen, a real estate agent, helping a buyer to secure a home loan by suggesting and assisting the buyer to submit a mortgage application that contained fictitious employment information.  Mr. Moen does not discount that this was a violation of law and was wrong.  Mr. Moen's benefit from this crime was a real estate commission.  It is unclear whether the mortgage would have been approved even if this fictitious information had not been provided.  Mr. Moen's personal history, which includes four years in college, largely stable employment history and a minor traffic record, suggests that he would be amendable to probation.  This offense occurred in 2005.  Since that time, Mr. Moen was been convicted of a misdemeanor charge of careless driving.  The isolated facts of this case and defendant's personal history weigh in favor of probation.

Additionally, the other individual charged in this case, Kevin Winkelmann, received a six month sentence for his role in the instant offense.  A sentence in the range contemplated by the guidelines in this case is inconsistent with the mandate for sentencing parity among similarly situated defendants.

Defendant respectfully asserts that a sentence of probation is sufficient to reflect the seriousness of this offense and to provide adequate punishment and deter future conduct.

Respectfully submitted,

Birrell & Newmark, Ltd.

Dated: February 16, 2010    By:    s/ Eric L. Newmark
Eric L. Newmark (#259792)
Attorney for Defendant
333 South Seventh Street, Suite 3020
Minneapolis, MN 55402
Telephone: (612) 871-7000